Gunnleik BERGE, Appellant,

v.

NATIONAL BULK CARRIERS CORP. and Todd Shipyards Corp., Appellees.

No. 106, Docket 24673.

United States Court of Appeals Second Circuit.

Argued Nov. 22, 1957.

Decided Jan. 10, 1958.

Jack Steinman, New York City, for appellant, Harry H. Lipsig, New York City, on the brief.

Victor S. Cichanowicz, Frederick H. Cunningham, New York City, for National Bulk Carriers Corp., appellee.

Patrick E. Gibbons, Galli & Locker, New York City, for third-party defendant, Todd Shipyards Corp., Patrick J. McCann, New York City, of counsel.

Before HAND, HINCKS and LUMBARD, Circuit Judges.

HAND, Circuit Judge.

■■ This is an appeal from a judgment for the defendant entered by Judge Murphy in an action to recover for personal injuries. At the conclusion of the evidence the parties agreed that the only issue to be submitted to the jury was the assessment of damages, the question of defendants' liabilities being reserved for determination of the court. Upon the following facts, Judge Murphy held that the plaintiff who was a rigger employed by the defendant Todd Shipyards had not proved his claim. The ship, Bulklube, was a tanker, owned by the National Bulk Carriers, Inc., which in 1952 decided to reconstruct her and rebuild her in accordance with the standards by the United States Coast Guard and the American Bureau of Shipping as a ship of general carriage. The owner made a contract with Todd Shipyards Corporation to take the vessel to its own shipyard and rebuild her in accordance with approved plans and specifications. This work required removing her decks, burning out partitions and bulkheads which divided her into twenty-three tanks, making new bulkheads and new partitions, putting them in place, renewing the longitudinal and deck beams, reconditioning her engines, boilers, steering gear and all other machinery. As stated in Judge Murphy's opinion, the work amounted "to a virtual rebuilding of the interior of the vessel." [148 F.Supp. 611] The accident happened because while the plaintiff and several other men were working below deck in one of the tanks of the ship, engaged in installing a tank bulkhead in place of the former one, he stood upon a scaffold about 15 feet above the bottom of the tank and was pulling a hoist to raise the new bulkhead into position. During this operation the shackle pin between the hoist and the under-deck "padeye" broke and the chain part of the tackle fell hitting the plaintiff and dislodging him from the scaffold; the shackle pin was afterwards found to be sheared in half, and Judge Murphy held that it was unseaworthy as was obviously true.

Thus the question is whether the situation was within the doctrine of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, and those decisions that have followed it. As we said, Halecki v. United New York & New Jersey Sandy Hook Pilots Association, 2 Cir., 251 F.2d 708, the answer depends upon whether the work on which the plaintiff was engaged was of a kind that the crew of a vessel was accustomed to perform. Obviously there must be some limit, else the whole fabrication of a new ship would be included. We can only say that the reconstruction of a ship was not traditionally the task of the crew. Berryhill v. Pacific Far East Line, 9 Cir., 238 F.2d 385, certiorari denied 354 U.S. 938, 77 S.Ct. 1400, 1 L.Ed.2d 1537, is not in conflict with what we believe to be the correct test, and we disagree with Read v. United States, 3 Cir., 201 F.2d 758.

Judgment affirmed.

LUMBARD, Circuit Judge (concurring).

I concur in the result for the reasons set forth in my dissenting opinion in Halecki v. United New York and New Jersey Sandy Hook Pilots Association, 2 Cir., 251 F.2d 713, 714.