Cyril M. ROYSTON, Plaintiff,

v.

PACIFIC FAR EAST LINES, INC., a corporation, Korean Shipping Corporation, a corporation of the Republic of South Korea, Defendants.

REPUBLIC OF KOREA (Korean Shipping Corporation), Third Party Plaintiff,

v.

NATIONAL CARGO BUREAU, INC., Third Party Defendant.

No. 38369.

United States District Court
N. D. California, S. D.

Oct. 27, 1960.

Bruce Walkup, San Francisco, Cal., for plaintiff Cyril M. Royston.

Dorr, Cooper & Hays, San Francisco, Cal., for Pacific Far East Lines, Inc.

Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for Korean Shipping Corp.

Barfield & Barfield, San Francisco, Cal., for National Cargo Bureau, Inc.

WOLLENBERG, District Judge.

Cyril M. Royston, plaintiff herein, sustained serious injuries in a fall in the hold of the SS Dong Hae while at anchor in the Port of San Francisco. Plaintiff alleges that the accident occurred due to the general unseaworthiness of the vessel and the general negligence of the de-

3. Cf. Dyer v. MacDougall, 2 Cir., 1952, 201 F.2d 265, 268-269.

fendants in maintaining a ladder and its appurtenances, which it is alleged were dangerous and defective. The allegations of the complaint and the plaintiff's answers to the written interrogatories of defendant Korean Shipping Corporation indicate that there is no genuine issue as to any material fact necessary to establish the warranty of seaworthiness, as set forth in the complaint.

Plaintiff was employed by National Cargo Bureau, Inc., at the time of the accident. He was engaged in making a survey of the cargo holds of the vessel for the purpose of determining their state of preparedness for the receipt of cargo. This inspection was necessary before loading of the vessel could commence and pursuant to regulations of the United States Coast Guard. This survey could be performed only by a surveyor of the National Cargo Bureau, Inc. It was while the plaintiff was descending into one of the holds of the Dong Hae for the purpose of making this survey that he fell and received serious injury.

Defendant Korean Shipping Corporation now contends that the plaintiff is not entitled to the benefits of the unseaworthiness doctrine, in that he was not "performing maritime services traditionally performed by seamen". It is true that the record shows that seamen do make, and have made inspections of cargo areas before the receipt of cargo. However, in this matter, plaintiff was making a survey as an employee of an independent bureau created specifically by Coast Guard regulations for the purpose of certifying conditions aboard a vessel before the Coast Guard would issue a certificate clearing the vessel. The plaintiff was not engaged in work directly connected with either the handling or storage of cargo on the vessel; he was clearly not aboard as a longshoreman, nor as a repairman. It is apparent that his work was closely akin to that of a surveyor or fire inspector and that the character of his job was not connected with traditional work of seamen. Plaintiff's work was that of a shoreside worker who came aboard while the Dong Hae lay at anchor in the stream in order to inspect the vessel for the purpose of issuing a certificate required by the Coast Guard. It is immaterial that seamen also perform inspection duties on board the vessel, or that the First Mate had the day before been in the same hold for the purpose of determining whether or not it was ready to receive cargo. No seaman or officer on the vessel could execute the certificate required by the Coast Guard, but this inspection had to be made by an employee of the independent agency.

■ A warranty of seaworthiness applies only to persons who perform maritime services traditionally performed by seamen. Berryhill v. Pacific Far East Line, 9 Cir., 1956, 238 F.2d 385, certiorari denied 354 U.S. 938, 77 S.Ct. 1400, 1 L.Ed.2d 1537; Halecki v. United New York and New Jersey Sandy Hook Pilots Ass'n, 1959, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541.

Marine surveyors, custom inspectors, inspectors aboard vessels for the purpose of making recommendations for repairs or improvements, and other shoreside specialists whose sole duty it is to survey and inspect, are not entitled to the warranty of seaworthiness. See: Chanove v. Bethlehem Pacific, U.S.D.C.N.D. Cal., Civil No. 35197; West v. United States, D.C.E.D.Pa.1956, 143 F.Supp. 473, 1956 A.M.C. 2106; Tarkington v. A.P.L., D.C.N.D.Cal., 1955 A.M.C. 114, Admiralty No. 26972; McDaniel v. M. S. Lisholt, 2 Cir., 257 F.2d 538, 1958 A.M.C. 1832.

■ For the reasons stated above, the motion of defendant Republic of Korea (Korean Shipping Corporation) for judgment on the pleadings as to the claim of unseaworthiness is hereby granted.

Order Denying Motion to Dismiss Third Party Complaint of Republic of Korea (Korean Shipping Corporation)

Upon reading of the Third Party Complaint herein and the Memorandum of Authority filed by counsel herein, and hearing upon oral argument, it is hereby ordered that the motion to dismiss the third party complaint by the third party defendant is hereby denied.