UNITED STATES LINES, INC., Appellant,

v.

UNITED STATES of America, Appellee.

No. 78–1170.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1979.

Decided March 8, 1979.

Walter B. Martin, Jr., Norfolk, Va. (John B. King, Jr., Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellant.

David V. Hutchinson, Civil Division, Dept. of Justice, Washington, D.C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C., William B. Cummings, U.S. Atty., Alexandria, Va., and Ronald R. Glancz, Civil Division, Dept. of Justice, Washington, D.C., on brief), for appellee.

Before RUSSELL, Circuit Judge, JACK R. MILLER, Judge, U.S. Court of Customs and Patent Appeals, sitting by designation, and PHILLIPS, Circuit Judge.

DONALD RUSSELL, Circuit Judge:

The issue presented for decision in this case is whether the United States, as the stevedore employer of the federal civil service longshoreman, is subject to suit under the Suits in Admiralty Act, 46 U.S.C. § 742 (1970) for breach of its warranty of workmanlike performance to a private vessel.[1] We hold that it is not.

In 1974, William Speller, a federally employed longshoreman, sustained injuries in a fall aboard the S. S. AMERICAN CORSAIR due to the presence of slippery hydraulic fluid in the deck area where he was working. Speller sued the vessel's owner, United States Lines (appellant herein), on the theory of unseaworthiness of the vessel, a strict liability theory. That suit was settled with the shipowner paying Speller $10,000. United States Lines then brought this indemnity action against the United States (appellee herein), alleging that the United States, as Speller's employer, breached its warranty of workmanlike performance in failing to correct or warn of the slippery deck's condition. The district court found that the United States had breached the warranty, but nevertheless was not subject to suit under the Suits in Admiralty Act. From an adverse decision, United States Lines appeals.

This case presents the classic circuity of action in the admiralty field which was abolished, at least in the private sector, by the 1972 amendments to the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1970 & Supp. V 1975) (hereinafter L.H.W.C.A.). Prior to 1972 an injured longshoreman, entitled to compensation under the L.H.W.C.A., was precluded from suing his employer, but could seek relief from the vessel's owner if the vessel's unseaworthy condition caused the accident. *Seas Shipping Co. v. Sieracki* (1946) 328 U.S. 85, 95–97, 100, 66 S.Ct. 872, 90 L.Ed. 1099. When the unseaworthy condition was attributable to the employer's unworkmanlike performance, the shipowner could recover indemnity from the stevedore (employer), *Ryan Co. v. Pan-Atlantic Corp.* (1956) 350 U.S. 124, 131–34, 76 S.Ct. 232, 100 L.Ed. 133. Hence, the longshoreman, in effect, recovered indirectly from his em-

---

1. 46 U.S.C. § 742 (1970) provides, in pertinent part:

   "In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States . . . ."

ployer that which he could not recover directly. This type of circular action occurred in cases involving federal employees, whose compensation is provided under the Federal Employees' Compensation Act (F.E.C.A.), 5 U.S.C. § 8101, *et seq.*, as well as in cases involving private longshoremen. *See Greene v. Vantage Steamship Corporation* (4th Cir. 1972) 466 F.2d 159, 168, 18 ALR F 167.

■ Congress overruled the *Sieracki-Ryan* form of action with the 1972 amendments to the L.H.W.C.A. It abolished the doctrine of unseaworthiness as a basis for liability against the shipowner in favor of the longshoreman, thereby restricting the longshoreman's claim against the shipowner to one for negligence. It also outlawed the employer's liability to the shipowner, whether claimed under warranty or otherwise. 33 U.S.C. § 905(b) (1970 & Supp. V 1975).[2]

The amendments, relating only to workers covered under the Act, had no direct effect on longshoremen like Speller who are covered under the F.E.C.A. The indirect effect, however, was to cut off the indemnity action between the shipowner and the United States. Since a shipowner can no longer sue a private stevedore for indemnity, it cannot, under the terms of the Suits in Admiralty Act, recover from the United States, for the government is subject to suit only in those instances in which a private individual would be so subject. 46 U.S.C. § 742 (1970). The district court therefore

properly found that suit may not be maintained against the United States.[3] The judgment of the district court is, therefore, affirmed.

2. The policies and changes involved in the amendments, including a higher schedule of benefits, are detailed in the legislative history. See H.R.Rep. No. 92–1441, 92d Cong., 2d Sess., *reprinted in* [1972] U.S.Code Cong. & Admin. News pp. 4698, 4703–04. This court has had numerous occasions to discuss the effects of the amendments, and we need not do so again here. *See, e. g., Edmonds v. Compagnie Generale Transatlantique,* (4th Cir. 1978) 577 F.2d 1153, 1154–55 (en banc), *cert. granted,* —— U.S. ——, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978); *Chavis v. Finnlines Ltd., O/Y,* (4th Cir. 1978) 576 F.2d 1072, 1076–78; *Riddle v. Exxon Transp. Co.,* (4th Cir. 1977) 563 F.2d 1103, 1110, 1112; *Anuszewski v. Dynamic Mariners Corp., Panama,* (4th Cir. 1976) 540 F.2d 757, 758–59 (per curiam), *cert. denied,* 429 U.S. 1098, 97 S.Ct. 1116, 51 L.Ed.2d 545 (1977);

*Bess v. Agromar Line,* (4th Cir. 1975) 518 F.2d 738, 740–41.

3. Feeling precedent-bound under *Sandoval v. Mitsui Sempaku K. K. Tokyo* (5th Cir. 1972) 460 F.2d 1163, 17 ALR F 479, a pre-amendment case, a district court in the fifth circuit has allowed suit against an instrumentality of the United States. *Guevara v. Cia Sud Americana de Vapores,* (D.C.Z.1978) 1978 A.M.C. 2000, 2005. That court, however, overlooked the statutory bar to suit under the Suits in Admiralty Act, as affected by the amendments to the L.H.W.C.A. In passing, we note that at least one court has held the unseaworthiness doctrine no longer applicable to federally employed longshoremen. *Quinn v. Central Gulf S.S. Corp.* (D.Md.1977) 1977 A.M.C. 204.