**Wayne A. NORMILE,
Petitioner-Appellant,**

v.

**MARITIME COMPANY OF THE PHILIPPINES, Respondent-Appellee.**

No. 79–7222.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1980.

Decided May 1, 1981.

Arthur W. Lazear, Hoffman & Associates, Oakland, Cal., for petitioner-appellant.

Frederick W. Wentker, Jr., San Francisco, Cal., for respondent-appellee.

Before FLETCHER and FERGUSON, Circuit Judges, and GRANT,* District Judge.

FERGUSON, Circuit Judge:

Plaintiff was injured while working as a federally employed longshoreman unloading defendant's ship. Although entitled to receive workman's compensation as a federal employee, he instituted suit against defend-

ant, *inter alia*, on the ground that its vessel was not in seaworthy condition.

Defendant moved to bar plaintiff from trying the issue of unseaworthiness, asserting that longshoremen have no right to maintain that cause of action. The motion was granted. The case is now on interlocutory appeal. 28 U.S.C. § 1292(b).

We hold that no longshoreman, whether publicly or privately employed, can bring an unseaworthiness action. Accordingly, we affirm.

I.

In *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), the Supreme Court modified the law of admiralty to grant a privately employed longshoreman the right to sue for unseaworthiness [1] the owner of the vessel on which he was injured. *Sieracki's* holding was subsequently expanded by analogy in lower courts to include a publicly employed longshoreman. *See, e. g., Sandoval v. Mitsui Sempaku K. K. Tokyo*, 460 F.2d 1163 (5th Cir. 1972). Relying upon that expansion, plaintiff public employee instituted the instant suit.

Congress took away the unseaworthiness remedy granted by *Sieracki* with its enactment of the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, 86 Stat. 1251, 1263, 33 U.S.C. §§ 901 *et seq.*, § 905. *Cooper Stevedoring Co. v. Kopke, Inc.*, 417 U.S. 106, 113 n.6, 94 S.Ct. 2174, 2178 n.6, 40 L.Ed.2d 694 (1974) (dictum); *Hanseatische Reederei Emil Offen & Co. v. Marine Terminals Corp.*, 590 F.2d 778, 782 n.1 (9th Cir. 1979) (dictum); *Rich v. United States Lines, Inc.*, 596 F.2d 541, 546 (3d Cir. 1979); *United States Lines, Inc. v. United States*, 593 F.2d 570, 572 (4th Cir. 1979). With the demise of *Sieracki* went the right of an injured longshoreman

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

1. The admiralty doctrine of unseaworthiness effectively places absolute liability upon the shipowner. *See Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 90–94, 66 S.Ct. 872, 875, 90 L.Ed. 1099 (1946).

to maintain a cause of action for unseaworthiness.

Plaintiff argues that *Sieracki* remains valid with respect to him. He points out that the section that abolishes the unseaworthiness remedy is limited by its terms to actions brought under the Act, 33 U.S.C. § 905(b). Federal employees are specifically excepted from the Act's coverage. 33 U.S.C. § 903(a)(2). Therefore, Normile concludes, Congress took away the unseaworthiness remedy with respect to private longshoremen, but left it intact with respect to public longshoremen.

Plaintiff misconceives the evolution of the law. The Supreme Court gave private longshoremen absolute liability protection in 1946 with *Sieracki.* Between 1946 and 1972, public longshoremen asserted right analogous to those afforded private longshoremen. In the 1972 Amendments, Congress took away absolute liability for injured private longshoremen and substituted a workmen's compensation schedule. All that the Supreme Court gave, Congress took away. There remains no viable precedent to which plaintiff public employee can analogize. He has no cause of action.[2]

Moreover, plaintiff would lose even if the 1972 Amendments were construed to leave *Sieracki* standing but largely circumscribed. *Sieracki* and the overwhelming majority of cases arising thereunder involved private litigants. The mere fact that Congress in the 1972 Amendments addressed its change in policy only to "the specific cases most likely to occur in the mind," *United States v. Hutcheson*, 312 U.S. 219, 235, 61 S.Ct. 463, 467, 85 L.Ed. 788 (1941), does not mean that the precedent which those Amendments attacked, although technically still standing, should be followed. *Id.*[3] Given that the 1972 Amendments have eviscerated if not eliminated *Sieracki*, we decline to consider it binding. *Cf. Women's Liberation Union of R. I. v. Israel*, 512 F.2d 106, 109 (1st Cir. 1975) (rejecting Supreme Court precedents because of "metamorphosis of the attitudes which fed them"); *Kenny Constr. Co. v. District of Columbia*, 262 F.2d 926 (D.C. Cir. 1959) (declining to follow Supreme Court case following Congressional action in parallel context).

## II.

Courts which have considered whether Congress intended to eliminate the unseaworthiness cause of action with respect to public as well as private longshoremen have reached contrary conclusions. *Compare Aparicio v. Swan Lake*, 479 F.Supp. 1088 (D.C.Z.1979) *and Quinn v. Central Gulf S. S. Corp.*, 1977 A.M.C. 204 (D.Md.1977) *with Pinto v. Vessel "Santa Isabel"*, 492 F.Supp. 689 (D.C.Z.1980) *and Guevara v. Cia Sud Americana de Vapores*, 1978 A.M.C. 2000 (D.C.Z.1978). As Part I, *ante*, demonstrates, this case can be decided without reference to such intent.

We note, however, that our reading of Congress' intent harmonizes with the result we reach today.[4] The primary evidence of Congress' will is found in H.R.Rep.No.1441, 92d Cong., 2d Sess. (1972), *reproduced in* 3 U.S.Code Cong. & Admin.News 4698 (1972). Part of that report reads:

> Thus a vessel shall not be liable in damages for acts or omissions of stevedores or employees of stevedores *subject to this Act*, for the manner or method in which

---

**2.** This conclusion does not leave plaintiff without adequate remedy. The Federal Employees' Compensation Act, 5 U.S.C. §§ 8101 *et seq.*, entitles him as a federal employee to workmen's compensation virtually identical to that afforded by the Longshoremen's Act. Further, he can still recover from defendant under the Longshoremen's Act upon a showing of negligence. 33 U.S.C. § 905(b).

**3.** It has always been the duty of the common-law court to perceive the impact of major legislative innovations and to interweave the new legislative policies with the inherited body of common-law principles....

*Moragne v. States Marine Lines*, 398 U.S. 375, 392, 90 S.Ct. 1772, 1783, 26 L.Ed.2d 339 (1970).

**4.** Though the Congressional intent is worth noting, we do not find it controlling. Indeed, were our opinion to hinge solely on statutory construction, rather than on the analysis in Part I, *ante*, we would never have reached the issue of legislative intent in the face of such a clear statutory mandate. The 1972 amendments eliminate longshoremen's actions for unseaworthiness only as to persons "covered under this chapter." 33 U.S.C. § 905(b). The whole chapter, in turn, is inapplicable to federal employees. 33 U.S.C. § 903(a)(2). (The ex-

stevedores or employees of stevedores *subject to this Act* perform their work, for gear or equipment of stevedores or employees of stevedores *subject to this Act . . ., or* for *other* categories of unseaworthiness which have been *judicially established.*

*Id.* at 4703–04 (citations omitted and emphasis supplied). It appears from this language that Congress intended to eliminate the longshoremen's action for unseaworthiness not only with respect to those longshoremen covered by the Act, but for other longshoremen whose rights were judicially created. Further, the tenor of the report evidences a desire for uniformity in the treatment of all longshoremen which plaintiff's position herein could only defeat. *See, e. g., id.* at 4705.

Plaintiff's cause of action expired with *Sieracki.* The granting of defendant's motion is AFFIRMED.

clusion of federal employees was part of the original Longshoremen's Act of 1927. Congress altered part (a)(1) of this section in the 1972 Amendments, but left the exclusion for federal employees in part (a)(2) intact.) The statute is, accordingly, expressly inapplicable to one in plaintiff's position. Therefore, as a matter of simple statutory construction Congressional intent is not relevant.