**Leland CORMIER, Plaintiff-Appellee,**

v.

**OCEANIC CONTRACTORS, INC. and Insurance Company of North America (a/k/a INA Corporation), Defendants-Appellants.**

**No. 82–3226**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1983.

Rehearing and Rehearing En Banc Denied March 29, 1983.

Lemle, Kelleher, Kohlmeyer & Matthews, James H. Daigle, New Orleans, La., for defendants-appellants.

Joseph J. Weigand, Jr., Houma, La., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

An employer appeals from an award of damages entered by the trial judge for injuries to a welder, employed by it in Dubai, United Arab Emirates. The welder was injured when he fell while working aboard a barge moored for loading. The trial court concluded that the welder was not a Jones Act seaman, that neither the employer nor the employee were negligent, and awarded damages for breach of a *Sieracki*[1] warranty of seaworthiness under this court's decision in *Aparicio v. Swan Lake,* 643 F.2d 1109 (5th Cir. 1981).

The employer's argument here is primarily an attack upon the continued vitality of this court's decision in *Aparicio.* It also urges a failure of the trial court to credit certain workers' compensation benefits to the judgment. Bound by that decision and finding no merit to its claimed credit to the judgment we affirm.

 In *Aparicio,* we held that the 1972 Amendment to the Longshoremen's and Harbor Workers' Compensation Act, 86 Stat. 1251, 1263, 33 U.S.C. § 901 et seq., § 905, did not deny the warranty of seaworthiness to workers not covered by the LHWCA. Here the employee, although a harborworker, was not under the reach of the LHWCA because he worked in a foreign country. The *Aparicio* panel in dictum anticipated this case, referring to such situations as "pockets of *Sieracki* seamen remaining after the 1972 amendments." *Id.* 643 F.2d at 1118 n. 17. The employer points to *Normile v. Maritime Co. of Philippines,* 643 F.2d 1380 (9th Cir.1981), decided four days after *Aparicio,* holding that Congress by its 1972 amendments to the LHWCA effectively eliminated the *Sieracki* warranty. *Normile* rejected the idea that Congress eliminated the *Sieracki* warranty of seaworthiness only for persons within the coverage of the LHWCA. As virtually conceded by the employer, *Aparicio* controls this case. While the attack on *Aparicio* is not frivolous its premise was considered and rejected in *Aparicio* and may properly be reconsidered only en banc.

 The employer's argument that it should have been credited with workers' compensation benefits is flawed. It failed to raise the argument below and any error is not plain. *See Harden v. United States,* 688 F.2d 1025, 1032 (5th Cir.1982). Indeed, it did not plead payment as an affirmative defense. *See* Fed.Rules of Civ.Proc. 8(c).

AFFIRMED.

---

1. *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).