James S. BROUSSARD

v.

**GREAT CREATION SHIPPING LIMITED, et al.**

No. CIV.A. 03–2171.

United States District Court,
E.D. Louisiana.

Jan. 4, 2005.

Alan Guy Brackett, Mouledoux, Bland, Legrand & Brackett, LLC, New Orleans, LA, for ConAgra Foods Inc, Defendant.

Patrick E. Costello, Mouledoux, Bland, Legrand & Brackett, LLC, New Orleans, LA, for ConAgra Foods Inc, Defendant.

Laurence R. DeBuys, IV, Reich, Meeks & Treadaway, LLC (Mandeville), Mandeville, LA, for Great Creation Shipping Limited, Defendant.

A. Remy Fransen, Fransen & Hardin, New Orleans, LA, for James S Broussard, Plaintiff.

Christopher Joseph Fransen, Fransen & Hardin, New Orleans, LA, for James S Broussard, Plaintiff.

Derek Mikel Mercer, Mouledoux, Bland, Legrand & Brackett, LLC, New Orleans, LA, for ConAgra Foods Inc, Defendant.

Michael Wayne Whitehead, Michael W. Whitehead, LLC, Covington, LA, for BPE Inc, Employers Self Insurers Fund, Intervenors.

DUVAL, District Judge.

Before the Court is a Motion for Summary Judgment (Doc. No. 22) filed by plaintiff, James S. Broussard ("Broussard"). Broussard seeks a finding that he is entitled to bring an unseaworthiness claim against Great Creation Shipping Limited because he should be considered a *Sieracki*[1] seaman. Having reviewed the pleadings, memoranda, exhibits, depositions and the relevant law, the Court finds no merit in the motion.

**BACKGROUND**

As this Court has previously noted, Broussard, was allegedly injured while embarking from the M/V GREAT CREATION while berthed at the St. Elmo Grain Terminal in Paulina, Louisiana. Plaintiff was a security guard for Ben Pelot Enterprises ("BPE") whose job was primarily insuring that foreign seamen did

1. *Seas Shipping v. Sieracki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

not disembark the vessel in compliance with Homeland Security procedures. (See Defendant's Memorandum in Opposition, Exhibit "B"). Apparently, the GREAT CREATION was boarded by a representative of the Immigration and Naturalization Service (INS), and it was determined that the crew members were from countries on the United States' Watch List. At the INS' request, the Coast Guard issued a restriction to the ship requiring the engagement of two security guards to detain the vessel's crew aboard the ship while in port. In response to that order, BPE was hired to provide detainment security. The Coast Guard order noted the statutory basis of its authority to issue such an order and noted that "failure to comply with this order may result in imprisonment for not more than 10 years and/or a fine of not more than $10,000."

## LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir.1987).

## SIERACKI SEAMAN STATUS

In *Sieracki*, the Supreme Court extended a cause of action for unseaworthiness to a longshoreman "doing a seaman's work and incurring a seaman's hazards." *Smith v. Harbor Towing & Fleeting, Inc.*, 910 F.2d 312, 313 (5th Cir.1990) *citing Sieracki* at 328 U.S. at 99, 66 S.Ct. at 880. In so doing, the Court rejected the notion that the vessel owner's duty to furnish a seaworthy vessel extended only to those maritime workers **employed** by the vessel owner. Subsequently, in *Ryan Stevedoring Co.*

*v. Pan–Atlantic S.S. Corp.*, 350 U.S. 124, 133, 76 S.Ct. 232, 237, 100 L.Ed. 133 (1956), the court found that "an implied warranty of workmanlike performance ran from the stevedore by contract to the shipowner. Thus, the shipowner was entitled to full indemnity if the plaintiff's employer breached this implied warranty." *Smith*, 910 F.2d at 313. As a result, the stevedore whose liability to his employee was expressly limited to worker's compensation under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), was nonetheless exposed to this added liability.

As a result, Congress in 1972 amended the LHWCA adding § 905(b) which states that any "person covered" under the Act could no longer bring an action against a third-party vessel owner based on unseaworthiness. Thus *Sieracki/Edmonds* unseaworthiness/indemnity scheme was put to rest. *Id.* Nonetheless, the Fifth Circuit has recognized that in certain instances the *Sieracki* cause of action survived with respect to those maritime workers not covered by the LHWCA. *Aparicio v. Swan Lake*, 643 F.2d 1109 (5th Cir. Unit A apr. 1981). As the Fifth circuit described its holding:

> Aparicio, a harbor worker employed by the Panama Canal Company, was injured while handling the lines of a vessel in the Canal Zone. As a federal employee working in the Canal Zone and covered by the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101–93, Aparicio was not covered by the LHWCA. In *Aparicio* we concluded that maritime workers covered by FECA, but who were not covered by the LHWCA, were not barred by the 1972 amendments from asserting claims as a *Sieracki* Seaman. *Id.* at 1116–18. Because Aparicio was a longshoreman engaged in the classic seaman's work of handling the lines of a vessel, we held that he was entitled to an action for

unseaworthiness under *Sieracki*. *Id.* at 1114 & n. 7.

The Fifth Circuit applied *Aparicio* and held that a welder working aboard a vessel in a foreign country, and thus beyond the reach of the LHWCA, was entitled to a *Sieracki* remedy. *Cormier v. Oceanic Contractors, Inc.*, 696 F.2d 1112, 1113 (5th Cir.1983), *cert. denied*, 464 U.S. 821, 104 S.Ct. 85, 78 L.Ed.2d 94 (1983). In *Bridges v. Penrod Drilling Co.*, 740 F.2d 361 (5th Cir.1984), the Fifth Circuit refused to extend the relief to Jones Act seamen injured on vessels on which they are not crew members, which was the basis for the Fifth Circuit's denial of a *Sieracki* remedy in *Smith*.

Thus, the seminal question for the Court focuses on whether Broussard was "doing a seaman's work and incurring a seaman's hazard;" if not, he is not entitled to bring an unseaworthiness claim in this instance. In *Jacobs v. Northern King Shipping Co., Ltd.*, 1998 WL 13644 (E.D.La.1998), the court focused on whether the injured party was at the time of his accident engaged in a "function essential to maritime service on board a ship." *Id.* at *5 *citing Drachenberg v. Canal Barge Co.*, 571 F.2d 912 (5th Cir.1978) ("desk" worker who died while supervising unloading of molten sulphur from barge in river to storage tanks on shore was covered by *Sieracki*). Giving the broadest interpretation of a "seaman's work" as anything that "contributes to the function of the ship or the accomplishment of its mission," *McMahon v. M/V TOMIS SEA*, 1993 WL 205055 (E.D.La.1993), this Court cannot find that Broussard was engaged in a seaman's work. In *McMahon*, the court refused to extend the *Sieracki* remedy to a grain inspector who was injured in the course of his duties relying on *Dennis v. Central Gulf Steamship Corp.*, 323 F.Supp. 943, 945 (E.D.La.1971), *aff'd*, 453 F.2d 137, 139 (5th Cir.), *cert. denied*, 409 U.S. 948, 93 S.Ct. 286, 34 L.Ed.2d 218

(marine surveyor employed by federal government injured while inspecting the ship's hold not entitled to warranty of unseaworthiness); *Arthur v. Flota Mercante Gran Centro Americana, S.A.*, 487 F.2d 561, 562 (5th Cir.1973); and *Royston v. Pacific Far East Lines, Inc.*, 190 F.Supp. 450, 451 (N.D.Cal.1960) ("Marine surveyors, custom inspectors, inspectors aboard vessels for the purpose of making recommendations for repairs or improvements, and other shoreside specialists whose sole duty it is to survey and inspect, are not entitled to the warranty of seaworthiness").

In this instance, Broussard was not engaged in any kind of maritime mission; his mission was solely to comply with a Coast Guard order based on homeland security directives. If an inspector of grain, who is involved with the cargo of the vessel, is not considered to be entitled to a warranty of unseaworthiness, this Court cannot find that a security guard having no mission other than to insure the crew not leave the vessel would be entitled to an unseaworthiness claim.

Plaintiff has opined that because he is "exempted" from coverage under § 902(3)(A) of the LHWCA, he must be entitled to the *Sieracki* remedy. This proposition fails to recognize that the historical underpinnings of *Sieracki* and the necessity that Broussard be engaged in "doing a seaman's work and incurring a seaman's hazard." He was not so engaged at the time of his accident and thus is not entitled to bring an unseaworthiness claim. Accordingly,

**IT IS ORDERED** the Motion for Summary Judgment (Doc. No. 22) filed by plaintiff, James S. Broussard is **DENIED.**