**Louis W. DE VINCENZI, Plaintiff,**

v.

**WATERMAN STEAMSHIP CORPORATION, a corporation, et al.,**
**Defendants.**

**No. 36187.**

United States District Court,
N. D. California, S. D.

Aug. 9, 1957.

J. Donald Pettus, San Francisco, Cal., for plaintiff.

Robert E. Patmont, Francis L. Tetreault, Graham, James & Rolph, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This is a suit by a longshoreman for damages for injuries suffered when he fell into a hatch on the SS Madaket, a vessel owned and operated by defendant Waterman Steamship Corporation. At the time of his fall, plaintiff was working aboard the vessel as an employee of Matson Terminals, Inc., who had been hired by defendant to load the vessel. Defendant Waterman has moved for summary judgment in its favor upon the novel ground that because it had a potential liability to compensate plaintiff under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., it is entitled to the

immunity from suit for damages accorded by that Act to employers.

Waterman alleges that Matson Terminals, Inc. had the status of a subcontractor and that Waterman, as the contractor, was a statutory guarantor of compensation benefits to plaintiff by virtue of Section 4 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 904. Section 4 provides that "in the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment." Because of this statutory obligation, Waterman urges it is entitled to all the benefits of the Act inuring to an employer and is not subject to a suit for damages permitted by Section 33 of the Act, 33 U.S.C.A. § 933, against persons "other than the employer." In support of this contention, Waterman cites a number of State cases construing state compensation statutes similar to the Longshoremen's and Harbor Workers' Act.

Waterman does not claim that Matson Terminals, Inc. did not have compensation insurance and that Waterman has in fact become liable for compensation benefits for plaintiff. It contends that the *potential* liability to provide compensation imposed by the statute suffices to give it an employer's immunity from a suit for damages.[1]

Whatever the theoretical merits of this argument, it comes too late in the day to be persuasive. As Waterman concedes, in the thirty years since the enactment of the Longshoremen's and Harbor Workers' Compensation Act in 1927, thousands of damage suits have been maintained by injured longshoremen against shipowners in precisely the same position as Waterman. Although no reported case has squarely passed upon Waterman's contention, the right of an injured longshoreman to maintain a suit

1. Of course, even Waterman's potential liability for compensation benefits depended upon whether it and Matson Terminals, Inc., had the status respectively of contractor and sub-contractor within the meaning of Section 4 of the Longshoremen's and Harbor Workers' Compensation Act.

for damages, as here, against a shipowner has been long and firmly established. See e. g., Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Colvin v. Kokusai Kisen Kabushiki Kaisha, 5 Cir., 1934, 72 F.2d 44.

Motion for summary judgment denied.