James **THOMAS** and Dorothy E. Thomas, Plaintiffs,

v.

**GEORGE HYMAN CONSTRUCTION CO., a Corporation, Defendant.**

No. 3242–57.

United States District Court
District of Columbia.

May 26, 1959.

Jeremiah C. Collins, Washington, D. C., for defendant, for the motion.

M. S. Mazzuchi, Washington, D. C., for plaintiffs, opposed.

HOLTZOFF, District Judge.

This case presents a problem of novel impression in this Circuit concerning the construction of one of the provisions of the Workmen's Compensation Act, namely, whether an action for damages for personal injuries may be maintained as a so-called "third-party action" by an employee of a subcontractor against the general contractor and, if so, under what circumstances. The specific question is as follows: if a workmen's compensation statute requires a general contractor to carry workmen's compensation insurance for the benefit of a subcontractor's employees in the event that the subcontractor fails to do so, is the general contractor relieved of common law liability for negligence causing injury to a subcontractor's employee, if both the general contractor and the subcontractor carry insurance?

The matter is before the Court on the defendant's motion for summary judgment. The facts are not in dispute. The defendant was the general contractor on

a construction project. The plaintiff James Thomas was employed by a subcontractor of the defendant. Suit is brought by the employee and his wife for damages for personal injuries claimed to have been sustained by him in the course of his employment. The theory of the action is that the defendant was negligent in failing to provide a safe place to work, and that this failure was a proximate cause of the employee's injuries. Both the subcontractor and the defendant carried workmen's compensation insurance, which covered this employee among many others. Although entitled to receive compensation, the employee chose to institute this action, claiming that the defendant was not under any obligation to carry workmen's compensation insurance and hence is not absolved from common law liability for negligence. The defendant contends that having taken out workmen's compensation insurance, he is relieved of all other liability for injuries sustained by a subcontractor's employee.

The basic philosophy of workmen's compensation laws is so well known that it hardly requires detailed discussion and may be summarized very simply and briefly. Industrial accidents resulting in injuries to employees in the course of their employment are treated as a burden of society as a whole, instead of, as was previously the case, being compensated only on the basis of fault of the person who caused the injury, with no recompense being made if no one were at fault. Compensation is computed in accordance with detailed, precise formulae contained in the statute, instead of being determined by a jury or a court in the exercise of judgment and discretion. The employee is assured of receiving some compensation for every injury sustained in the course of his employment, irrespective of whether any one was at fault. To guarantee the payment of compensation the employer is required to carry suitable insurance. On the other hand, the employer is absolved from all other liability in respect to such injuries, even if they were caused by his

negligence. In other words, in return for a guaranty of limited compensation irrespective of fault, the workman foregoes his right to recover damages from his employer even if the latter is guilty of negligence; and, on the other hand, in exchange for carrying compensation insurance, the employer is released from common law liability for negligence resulting in injuries to his employees, Jonathan Woodner Co. v. Mather, 93 U.S. App.D.C. 234, 239, 210 F.2d 868; Smither & Co. v. Coles, 100 U.S.App.D.C. 68, 70, 242 F.2d 220. If, however, his injuries were caused by the negligence of a third party, the employee retains the right to sue the latter for damages, and, if he chooses this course, he surrenders the right to receive workmen's compensation from his employer or his employer's insurance carrier.

This brings us to a detailed consideration of the pertinent statutory provisions. The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., has been adopted as the Workmen's Compensation Act for the District of Columbia, 36 D.C.Code § 501. The Act provides for the payment of compensation in respect to disability or death of any employee covered by the statute if the disability or death arises out of or in the course of employment, 33 U.S.C.A. § 902. The amounts payable are calculated pursuant to detailed formulae prescribed in the Act, Id. §§ 908, 909, and 910. The employer is required to secure the payment of such compensation by means of insurance, Id. § 904. The employer's obligation to carry insurance is exclusive and supplants all other liability either to the employee or to any one else who would otherwise be entitled to recover damages from the employer on account of the employee's injury or death, Id. § 905. Thus, the employee or his next of kin, as the case may be, becomes automatically entitled to compensation in a specified amount in respect to injury or death arising out of and in the course of employment, irrespective of fault. The employer is required to guarantee such payments by carrying insur-

ance. In exchange, the employer is released from all liability based on negligence and, therefore, no longer runs the risk of being burdened with a verdict for damages in a large amount.

If, however, some person other than the employer is liable for damages on account of the disability or death, then the employee, or his personal representatives may elect either to receive compensation under the Workmen's Compensation Act, or to proceed to recover damages from such third person, 33 U.S.C.A. § 933(a). In the case at bar, the employee has chosen the second option and seeks to recover damages against the third person, who happens to be the general contractor. The question is whether he is entitled to do so in the light of a provision contained in Section 904, that,

> "In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor *unless the subcontractor has secured such payment.*" [Emphasis supplied.]

In this case the contractor carried insurance which covered the subcontractor's employees and it is, therefore, argued in his behalf that under Section 905, his obligation to pay workmen's compensation is exclusive and takes the place of all other liability on his part. On the other hand, it is urged that since the subcontractor, who was the actual employer of the plaintiff, carried compensation insurance, the case is within the exception contained in the last clause of Section 904 and the general contractor had no duty to do so, but was in effect a volunteer in taking out insurance that he was not obligated to carry. It is contended, therefore, that he is not released from common law liability for negligence.

The Court agrees with the last mentioned argument. The law does not accord to the general contractor the choice of either carrying workmen's compensation insurance, or subjecting himself to liability for negligence. The law requires him to carry insurance only if the subcontractor fails to do so. In such a contingency, the general contractor may well be free of all other liability if he in fact carried such insurance. He may not, however, voluntarily take out insurance that the law does not require and thereby secure freedom from liability for negligence. In this instance the subcontractor carried compensation insurance and hence the defendant was not obligated to do so. Release from common law liability is a benefit accruing from carrying compensation insurance only in case the law imposes a duty to do so. One may not escape from such liability by taking out insurance that the law does not require.

It is argued in behalf of the defendant that the Workmen's Compensation Act contemplates a *quid pro quo*, namely, in exchange for being guaranteed some compensation by way of insurance carried by the employer, the employee gives up his right to recover damages for his employer's negligence. This argument is sound, but it is not applicable to the facts here presented. There is no *quid pro quo* in this instance insofar as the general contractor is concerned. The employee is not benefited by the fact that two persons carry workmen's compensation for his benefit. He would not receive double compensation. The general contractor, therefore, has given no *quid pro quo*. No reason appears why he should be released from liability for negligence merely because he volunteered to carry insurance that the law did not obligate him to take out.

In view of these considerations, the Court concludes that the defendant is not freed from liability for negligence. Consequently this action may be maintained as a so-called "third-party" action.

The defendant's motion for summary judgment is denied.