Moses SLAUGHTER, Jr.,
Plaintiff-Appellant,

v.

S. S. RONDE FYFFES GROUP, LTD.,
Defendant-Appellee,

American Mutual Liability Insurance
Company, Intervenor-Appellee.

No. 74–3649
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 14, 1975.

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

974

James Edward McAleer, Savannah, Ga., for plaintiff-appellant.

David F. Sipple, Gustave R. Dubus, III, Savannah, Ga., for S. S. Ronde.

Edward T. Brennan, Savannah, Ga., for intervenor.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Appellant Moses Slaughter' suffered personal injuries while employed as a longshoreman by Strachan Shipping Company. His complaint, brought in admiralty, alleged negligence and unseaworthiness and requested a damage award for injuries he suffered when a roll of liner board pinned him to a stanchion during loading operations.

Since appellant's accident occurred on January 23, 1973, after the effective date of the Longshoremen's and Harborworkers' Compensation Act Amendments of 1972, 33 U.S.C. § 905(b), on motion by appellees the allegations of unseaworthiness were stricken from the complaint.[1] The case proceeded to trial on the issue of whether appellee failed to provide Slaughter with a safe place to work. After hearing extensive testimony from workers and supervisors on board the day of the accident, the court issued its findings of fact, concluding that appellee was not negligent. On appeal, Slaughter contends that the court was clearly erroneous in concluding that the ship did not have a sharp list and that the gratings in the hold where Slaughter was loading were not defective.

Our task on review is to determine whether the trial court, sitting without a jury, based its decision on findings of fact which are clearly erroneous. Unless we are left with a definite and firm conviction that a mistake has been made, the decision below should be affirmed. Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776. With this principle in mind, we conclude the court was correct and therefore affirm.

Slaughter contends that the ship was listing so badly to the offshore side that the roll of liner board could not be safely loaded. However, the district court was persuaded by the testimony of the chief officer of the ship and the stevedore foreman that the list of the ship was not beyond the normal range. Although Slaughter and several of the other longshoremen working on the ship that day testified the list was severe, the court was wary of their reliability given prior inconsistent statements about the list contained in depositions as well as often confusing and unclear testimony of some of the witnesses. The court's finding that the list was not abnormal is clearly supported by the record; we cannot reverse that finding merely because the court credited some witnesses and disbelieved others.

Neither do we find error in the court's finding that none of the longshoremen complained to any of the officers concerning unsafe working conditions. Although Slaughter contends the court used this factor incorrectly to burden Slaughter with assumption of the risk, we agree with appellee that the court merely considered this evidence as one factor supporting its finding that the list did not cause an unsafe working condition.

Finally, we are in agreement with the court's conclusion that any defective grating which might have been

1. Pursuant to 33 U.S.C. § 905(b), tort liability of a vessel to a person covered by the Longshoremen's and Harborworkers' Compensa-tion Act, 33 U.S.C. § 901 et seq., cannot be based upon the warranty of seaworthiness or a breach thereof.

present was not responsible for the longshoremen's inability to maneuver properly the roll of the liner board. The testimony was unclear and indefinite and no one could state with certainty that the condition of the grates or the slight slope on the grating near the hatch coaming caused the roll to twist.

Finding ample evidence in the record to support the court's conclusion that appellee was not negligent,[2] we affirm.

Affirmed.

---

2. 390 F.Supp. 637 (S.D.Ga.1974).