**Joseph ANUSZEWSKI and Ronald Gutowski, Appellants,**

v.

**DYNAMIC MARINERS CORP., PANAMA, Appellee.**

No. 75–1575.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 2, 1975.

Decided Sept. 8, 1976.

Bernard J. Sevel, Baltimore, Md., for appellants.

Randall C. Coleman, Baltimore, Md. (Warren B. Daly, Jr., Ober, Grimes & Shriver, Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and FIELD, Senior Circuit Judge.

PER CURIAM:

Joseph Anuszewski and Ronald Gutowski brought this action against Dynamic Mariners Corp., Panama (Dynamic) to recover damages for injuries sustained by them while working as longshoremen aboard a vessel owned by the defendant. The claims of the plaintiffs presented questions of the interpretation and application of 33 U.S.C. § 905(b), one of the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act, and the district court, after a non-jury trial, entered judgment in favor of the defendant. The plaintiffs have appealed.

Anuszewski and Gutowski were longshoremen employed by the stevedoring company, Nacirema Operating Co., Inc., which had been hired to offload Dynamic's vessel, the MS TARPONA. The offloading began on February 17, 1973, and continued through the following day. The hatch covers on the vessel were each supported by four beams which were normally locked into place by a series of pins but which were unsecured on this occasion. The longshoremen discovered the condition on February 17, 1973, and reported it to their foreman who directed them to continue their work, stating that it would be corrected. The men continued to work but the situation was not corrected. In order to offload the cargo area three of the four beams under each hatch were removed by the longshoremen but the forth was left in place but unsecured. On February 18th, while the cargo from the lower hold was being discharged the cargo boom dislodged the beam under the lower hold hatch causing it to fall into the lower hold striking and injuring Anuszewski and Gutowski.

While recognizing that the condition of the beams constituted unseaworthiness, the district judge in his opinion [1] pointed out that such a remedy was no longer available to longshoremen under the 1972 Amendment. He further concluded that Section 905(b), when read in the light of the relevant legislative history, requires that land-based principles of law apply to a longshoreman's claims for damages, and that the liability of a ship to longshoremen employed to work aboard it by a stevedoring company is no different from that of the owner of land-based property to the employees of an independent contractor employed to perform work on such property. ■ The legislative history clearly supports the conclusion of the district court that the 1972 Amendments eliminated the absolute and non-delegable duty of a vessel

to provide longshoremen a safe place to work. On this point the House Report states:

> "The purpose of the amendments is to place an employee injured aboard a vessel in the same position he would be if he were injured in non-maritime employment ashore, insofar as bringing a third party damage action is concerned, and not to endow him with any special maritime theory of liability or cause of action under whatever judicial nomenclature it may be called, such as 'unseaworthiness', 'non-delegable duty', or the like." [2]

It is equally clear from the Report that while longshoremen retain the right to recover damages for negligence against a vessel, in such an action they occupy the same position as their land-based counterparts. Such intendment is manifest in the following language:

> "Under this standard, as adopted by the Committee, there will, of course, be disputes as to whether the vessel was negligent in a particular case. Such issues can only be resolved through the application of accepted principles of tort law and the ordinary process of litigation—just as they are in cases involving alleged negligence by land-based third parties. The Committee intends that on the one hand an employee injured on board a vessel shall be in no less favorable position vis a vis his rights against the vessel as a third party than is an employee who is injured on land, and on the other hand, that the vessel shall not be liable as a third party unless it is proven to have acted or have failed to act in a negligent manner such as would render a land based third party in non-maritime pursuits liable under similar circumstances." [3]

These conclusions of the district court upon the elimination of the unseaworthi-

1. *Anuszewski v. Dynamic Mariners Corp. Panama*, 391 F.Supp. 1143 (D.Md.1975).

2. H.R.Rep.No.92–1441, 92nd Cong., 2d Sess. (1972), 2 U.S.Code Cong. & Admin.News., p. 4703.

3. *Id.*, at 4704.

ness remedy, as well as the land-based standard to be applied, are in accord with the decisions of the several courts who have had occasion to consider the 1973 Amendments. *Croshaw v. Koninklijke Nedlloyd, B. V. Rijswijk,* 398 F.Supp. 1224 (D.Or.1975); *Slaughter v. Ronde,* 390 F.Supp. 637 (S.D. Ga.1974), *aff'd.* 509 F.2d 973 (5 Cir. 1975); *Ramirez v. Toko Kaiun K. K.,* 385 F.Supp. 644 (N.D.Cal.1974); *Lucas v. "Brinknes" Schiffahrts Ges.,* 379 F.Supp. 759 (E.D.Pa. 1974). In the last cited case this reading of the legislative purpose was succinctly stated:

> "In providing for the third-party suit against the vessel for its negligence, Congress perceived that it was eliminating the large number of cases in which the vessel was held liable without fault pursuant to the doctrine of seaworthiness. This perception was based on the assumption that the negligence remedy provided would be similar to the common law concept based on fault and not any maritime negligence concept in which the vessel owed some special duty to provide the longshoreman a safe place to work." 379 F.Supp., *supra,* at 767.

[redacted] In the present case, the district court further recognized the Congressional intent "that legal questions which may arise in actions brought under these provisions of the law shall be determined as a matter of Federal law,"[4] and elected to follow the standard of the Restatement (Second) of Torts, § 343 (1965), which provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger."

[redacted] Properly viewing the longshoremen as invitees of the vessel, the court concluded that "this case presents a fact situation in which the danger was open, obvious, apparent and known to plaintiffs,"[5] and it was on this basis that judgment was rendered in favor of the defendant vessel. In our opinion the court's choice of the *Restatement* standard was appropriate, and its ultimate finding and conclusion upon the issue of liability is amply supported by the record.

Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*

[redacted]

4. See H.R.Rep.No.92–1441, note 2, *supra,* at 4705.

5. 391 F.Supp. 1143, 1148, note 1, *supra.*