Thomas A. KOZOIDEK, etc., et al.

v.

GEARBULK, LTD., et al.

BURIES MARKES, LTD., et al.

v.

RUKERT MARINE CORPORATION
et al.

Civ. No. K–77–52.

United States District Court,
D. Maryland.

June 5, 1979.

Phillips L. Goldsborough, Smith, Somerville & Case, and John F. Burgan, Baltimore, Md., for plaintiffs.

Randall C. Coleman, Richard R. Jackson, Jr., Warren B. Daly, Jr. and Ober, Grimes & Shriver, Baltimore, Md., for defendants Buries Markes, Ltd. and Gearbulk, Ltd.

H. Emslie Parks and T. Bruce Hanley, Towson, Md., for defendants Rukert Marine Corp. and The Rukert Terminals Corp.

FRANK A. KAUFMAN, District Judge.

Asserting rights under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* (1978) (the Act), Kozoidek, an employee of C. J. Langenfelder & Sons, Inc., to his own use and to the use of Maryland Casualty Co., Langenfelder's compensation carrier, seeks damages for injuries allegedly sustained in an accident on December 28, 1974 and allegedly caused by defendants' negligence. Kozoidek and his wife also seek damages for loss of consortium. Plaintiffs allege that on December 28, 1974, the M/V LA ENSENADA, one of the defendants herein, was discharging bulk salt at a Baltimore pier by means of one of the vessel's cranes which was being operated by the vessel's officers or crew; that stevedores were working on the pier operating frontend loaders to receive the salt; and that plaintiff Kozoidek, one of those stevedores, was injured when the operators of the crane dropped a bucket load of salt on the loader plaintiff was using. Plaintiffs further allege that plaintiff Kozoidek was employed by Langenfelder, a subcontractor of the Rukert Marine Corporation, another defendant herein.[1] Langenfelder's compensation carrier, Maryland Casualty Company, has paid compensation benefits to Kozoidek. In this case, Kozoidek sues Rukert, the vessel, the vessel's owner, and the vessel's operator, alleging negligence on the part of each and every defendant. The vessel, its owner and its operator crossclaim against Rukert for indemnity and contribution. Rukert seeks summary judgment against plaintiffs and the crossclaimants, asserting immunity as an employer under 33 U.S.C. §§ 904(a) and 905(a) and (b). Section 933(a) is also relevant in connection therewith.

Section 904(a) provides:

Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this title. In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment.

Section 905 provides:

(a) The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter, or to maintain an action at law or in

---

1. Rukert Marine Corporation is a wholly owned subsidiary of The Rukert Terminals Corporation, the owner of the pier. Herein, the two Rukert defendants are treated as if they were the single stevedore employer and as one defendant and referred to as Rukert. However, at or before trial, it may develop that the positions of the two Rukert Corporations in this case are not the same.

admiralty for damages on account of such injury or death. *In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.*

(b) In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and *the employer shall not be liable to the vessel for such damages directly or indirectly* and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter. [Emphasis added.]

Section 933(a) provides:

(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.

The record discloses a factual conflict as to whether Langenfelder was a general contractor who dealt directly with the consignee of the salt rather than a subcontractor of Rukert who, in any event, allegedly dealt directly with that consignee. If Langenfelder was such a general contractor, there is no basis for Rukert's claim of immunity as an "employer" as that word is used in sections 904 and 905. But assuming, *arguendo* only, that Langenfelder was a subcontractor of Rukert, the question is posed as to whether a general contractor is immune under the Act in a suit by an employee of its subcontractor whose workmen's compensation carrier has already made compensation payments to that employee. The record herein does not disclose whether Rukert, in addition to Langenfelder, carried compensation insurance covering plaintiff Kozoidek even though Rukert, as a general contractor, would only have been liable under section 904(a) if Langenfelder had not satisfied its obligation thereunder. The record does, however, seemingly indicate without dispute that plaintiff Kozoidek has neither claimed nor recovered any payments from any compensation carrier which insured or may have insured Rukert.

This Court has no knowledge of—and counsel have not cited—any opinion of any federal or state court which has considered the question posed herein since the Congress enacted the 1972 amendments to the Act and, *inter alia*, added present section 905(b), leaving the provisions of present sections 904(a), 905(a) and 933(a) unchanged. However, the question was answered and determined adversely to Ruker's within immunity claims by all of the courts who considered the issue in the pre-1972 setting.[2]

2. *Probst v. Southern Stevedoring Co., Inc.*, 379 F.2d 763 (5th Cir. 1967); *Thomas v. George Hyman Construction Co.*, 173 F.Supp. 381 (D.D.C.1959); *Liberty Mutual Ins. Co. v. Goode Construction Co.*, 97 F.Supp. 316 (E.D.Va. 1951); *Perry v. Baltimore Contractors, Inc.*, 202 So.2d 694, 701–02 (La.Ct. of App.1967). *See* *also De Vincenzi v. Waterman Steamship Corp.*, 156 F.Supp. 481 (N.D.Cal.1957), rejecting the claim that then section 904 (now section 904(a)) immunized the ship, as an employer, because the ship contracted with the stevedore-employer of the plaintiff-longshoreman who was injured aboard the ship in the course

In *Probst v. Southern Stevedoring Company*, 379 F.2d 763 (5th Cir. 1967), the District Court held that a general contractor who had contracted with a shipowner "to prepare for and load a cargo of bulk grain on" the ship (*id.* at 764), was entitled to immunity as an "employer." Reversing, Judge Brown, after reviewing the different approaches among state legislatures and among state courts, concluded that the Congress had clearly, under the Longshoremen's and Harbor Workers' Act, opted for non-immunity for the general contractor sued by an employee of the subcontractor. Judge Brown's reasoning is compelling as is that of the two cases cited by him, both of which, Judge Brown noted, construed a "District of Columbia statute which incorporates the Longshoremen and Harbor Workers Act" (*id.* at 767). Those two cases are *Thomas v. George Hyman Construction Co.*, 173 F.Supp. 381 (D.D.C.1959), and *Liberty Mutual Ins. Co. v. Goode Construction Co.*, 97 F.Supp. 316 (E.D.Va.1951) (Bryan, J.).

In *Thomas*, Judge Holtzoff concluded (at 383):

> No reason appears why he [the general contractor] should be released from liability for negligence merely because he volunteered to carry insurance that the law did not obligate him to take out.[3]

In *Edmonds v. Compagnie Generale Transatlantique*, 577 F.2d 1153, 1155 (4th Cir.) (en banc), *cert. granted,* 439 U.S. 952, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978), Chief Judge Haynsworth wrote:

> In the 1972 amendments the Congress clearly provided that the ship was to receive no indemnity or contribution from the stevedore * * *.

But Judge Haynsworth so wrote in the context of the Fourth Circuit's determination that when a longshoreman is injured by the concurrent negligence of his stevedore-employer and the ship, the longshoreman may recover from the ship only that proportion of total damages which matches the ship's proportion of fault.[4]

The question posed in this case was in no way presented or under consideration in *Edmonds*. Judge Haynsworth's above-quoted use of the word "stevedore" was a reference to a "stevedore" who was also an "employer" of a plaintiff-longshoreman who instituted suit against the ship and/or the shipowner, and not to a "stevedore" who is not an "employer" of the plaintiff-longshoreman. Herein, Rukert at best is the general contractor of the subcontractor which employed plaintiff, and, accordingly, like any other third person, has not been endowed by the Congress with immunity under sections 904, 905 and/or 933—either as a defendant in an action by the longshoreman or as a cross-defendant against cross-claims by the ship.[5] Accordingly, Ru-

---

of performing work covered by the contract between the ship and the stevedore.

**3.** In *Probst*, Judge Brown wrote (at 767):

We leave open, however, as unnecessary to this decision the question of what ought to be done if the general contractor, or general employer, is actually required to pay compensation benefits to the injured employee of the subcontractor under § 904. [Footnote omitted.]

Herein, that question is also not reached since if Rukert did carry compensation insurance covering plaintiff Kozoidek, plaintiff has not sought or recovered any benefits from such carrier for Rukert. *See* the discussion supra at 403.

**4.** In so holding, Judge Haynsworth noted (at 1156) the conflict between the views he set forth on behalf of the Fourth Circuit and those of the Fifth and Ninth Circuits. That conflict has since caused the Supreme Court to grant

certiorari in *Edmonds.* 439 U.S. 952, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

**5.** In *Cooper Stevedoring Company v. Fritz Kopke, Inc.*, 417 U.S. 106, 113, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974), a case instituted prior to 1972 and, therefore, not governed by the 1972 amendments, *id.* at 107 n. 1, 94 S.Ct. 2174, Mr. Justice Marshall (at 113, 94 S.Ct. 2174) noted the liability of a negligent non-employer stevedore to a longshoreman employed by another stevedore. *See also*, in a pre-1972 setting, *Continental Casualty Co. v. Thorden Line*, 186 F.2d 992, 996 (4th Cir. 1951) (Soper, J.). And, in a post-1972 amendment context, *see Zapico v. Bucyrus-Erie Co.*, 579 F.2d 714, 719 (2d Cir. 1978), in which Judge Friendly wrote:

In any event, this Circuit has long viewed § 905(a) (and the old § 905) as preventing a third party claim for contribution from the *employing* stevedore * * *. [Emphasis added.]

kert's summary judgment motions referred to *supra* will be denied.

See also Lopez v. A/S D/S SVENDBORG, 581 F.2d 319, 328 (2d Cir. 1978).

It is true that in enacting the 1972 amendments, the Congress focused on a desire to bring land-based principles of law into play and intended that federal law, not differing state law, determine such land-based principles in actions brought involving the changes effected by the 1972 amendments. *See Anuszewski v.*

*Dynamic Mariners Corp.,* 391 F.Supp. 1143, 1146–48 (D.Md.1975), *aff'd per curiam,* 540 F.2d 757, 759 (4th Cir. 1976). But there is no indication that the Congress intended to change in 1972 the result called for by *Probst* and by every other pre-1972 case in which a longshoreman-employee of a subcontractor brought suit against a general contractor.