**William E. HOLMES, et al., Plaintiffs,**

v.

**LEON N. WEINER & ASSOCIATES, INC., Defendant.**

Civ. A. No. 81–1239.

United States District Court, District of Columbia.

Jan. 7, 1985.

Dana Lee Dembrow, Howard M. Rensin, Hyattsville, Md., for plaintiff.

Roger S. Mackey, Rockville, Md., for intervening plaintiff.

David F. Grimaldi, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This diversity suit for negligence was brought by a construction worker injured in a job site accident. His cause of action is brought under the District of Columbia Workers' Compensation Act of 1928, D.C. Code § 36–501 et seq. (1973 ed.) ("the 1928 Act"), which while in effect made applicable to the District the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.[1] The case is before the Court on defendant's renewed motion for·summary judgment.[2]

The uncontested facts are that plaintiff William Holmes at the time of the accident was an employee of Blake Construction Co., and that Leon N. Weiner & Associates was the general contractor on a project for which Blake was the principal subcontractor of Weiner.[3] It is also uncontested that Blake paid the premiums for workers' compensation insurance for its employees, a policy under which the plaintiff duly filed for and received compensation.

Weiner contends that plaintiff's third-party action must be dismissed because as a general contractor it is immune under sections 4(a) and 5(a) of the Longshoremen's Act as applied to the District by the 1928 Act. In WMATA v. Johnson, —— U.S. ——, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984), the Supreme Court held that "[s]o long as general contractors have not defaulted on [their] statutory obligation to secure backup compensation for subcontractor employees, they qualify for § 5(a)'s grant of immunity." Id. at 2836. This Court applied Johnson under circumstances similar to the instant case, holding that subcontractors who had not defaulted on their contingent liability under the statute, even though that liability had never been trig-

1. Plaintiff's injury occurred in 1979. Workers injured after 1982 are subject to the new D.C. workers' compensation statute, D.C.Code § 36–301 et seq. (1981 ed. & 1984 supp.).

2. Defendant first moved for summary judgment in January 1984. The motion was denied by Judge Hart on the ground that material facts remained in dispute as to who was the employer of the alleged tortfeasor employee. The case was reassigned to this Court, further facts were developed, and the motion was renewed on grounds set out below that were not considered by Judge Hart. Action on the renewed motion was delayed pending the decision discussed in footnote 4 below.

3. Article 16.4 of the construction contract between 1120 Vermont Ave. Associates as owner and Weiner as contractor provided that "Blake Construction Co., Inc. will act as the Construction Manager for the Work and will represent the Contractor with regard to all aspects of the project administration. The Construction Man-·ager will coordinate the work." There was no written contract between Weiner and Blake.

gered by a subcontractor's default on its insurance obligations, were entitled to the immunity recognized by the Supreme Court. *In re Metro Subway Accident Referral,* Misc. No. 82–306, Memorandum Opinion at 5 (D.D.C. Sept. 19, 1984).

The instant case is likewise controlled by *Johnson.*[4] Weiner had a contingent obligation to Blake's employees, including plaintiff Holmes. It did not default on that obligation because Blake from the outset met its duty to provide insurance coverage for its employees injured on the job. Plaintiff's contention that Weiner can obtain immunity only if it shows it actually paid for the workers' compensation coverage of Blake's employees is irrelevant, because under *Johnson* a general contractor obtains immunity even if its contingent liability is never invoked and even if it never obtains or pays for the coverage of its subcontractors' workers, so long as the subcontractor meets its obligation under the 1928 Act to provide insurance.

The defendant's motion for summary judgment therefore must be granted.

---

**4.** Congressional concern over the application of *Johnson* nationwide does not affect this case. In a subsequent opinion in the *Metro Subway* multi-case docket, Judge Pratt of this Court held that the September 28, 1984 amendments to the Longshoremen's Act, Pub.L. No. 98–426, that effectively overruled *Johnson* did not apply to the 1928 D.C. Act. *In re Metro Subway Accident Referral,* Misc. No. 82–306, Memorandum Opinion (D.D.C. Dec. 18, 1984). Since the complaint herein was brought under the 1928 Act, which expired before Congress amended the federal statute in 1984, *Johnson* still provides the controlling interpretation of the statutory language applicable here.