**Jackie R. ALLEN, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 85–1587.**

United States District Court, District of Columbia.

Jan. 7, 1986.

Altomease R. Kennedy of Ashcraft & Gerel, Washington, D.C., for plaintiffs.

James N. Owens, Asst. U.S. Atty., Washington, D.C., and Joseph E. DiGenova, U.S. Atty., and Royce C. Lambreth, Asst. U.S. Atty., on brief for defendant.

## OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

The Court has before it the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) & (6) or, in the alternative, for summary judgment pursuant to Fed.R. Civ.P. 56. The plaintiffs have filed a memorandum in opposition, and the defendant has submitted a reply. The plaintiffs have adopted the defendant's 1—9(i) statement of material facts as to which there is no genuine issue, and thus, there is no dispute as to any material fact.

The issue presented in this case is whether the United States is entitled to immunity from third party tortfeasor actions brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1982), and the applicable "state law," the District of Columbia Workers' Compensation Act, D.C. Code §§ 36–301 to –345 (1981 & Supp.1985), when it is required by its own regulations to have the plaintiff's employer procure workers' compensation insurance and then reimburse the employer for the reasonable cost of that insurance. The Court of Appeals for this Circuit has not yet ruled on this issue.

■ This Court finds that under the laws of the District of Columbia, the United States is not entitled to immunity pursuant to the exclusive remedy provision of the District of Columbia Workers' Compensation Act, D.C.Code § 36–304(a), and therefore, is amenable to suit as a third party tortfeasor, even though it ultimately has

incurred the cost of workers' compensation insurance. For the reasons hereinafter set forth, and based upon the analysis of the law, and upon consideration of the entire record therein, the Court must deny the defendant's summary judgment motion on the negligence count.[1] In view of the disposition herein, the Court finds it unnecessary to deal with the defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(1) or 12(b)(6) and bases its ruling upon Fed.R. Civ.P. 56.

### FACTS

At the time of the occurrence that gave rise to this lawsuit, the plaintiff, Jackie Allen, was an employee of Safeguard Maintenance Corporation ("Safeguard"). Safeguard was under contract with the General Services Administration to provide janitorial and maintenance services for an office building of the United States Department of Agriculture located in the District of Columbia. As required by the terms of the contract, Safeguard provided workers' compensation insurance for its employees. The contract further provided that the United States would pay the cost of the insurance as part of Safeguard's "general administrative costs."

The plaintiff alleges that on June 29, 1983, while performing his duties, he was injured when a "motorized hand jack" operated by an employee of the United States government struck him. The plaintiff filed a workers' compensation claim and received approximately $5000 in benefits. In May, 1984, the plaintiff filed an administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, with the appropriate federal agency. This claim was denied in March, 1985. The plaintiff then filed this suit against the United States on May 16, 1985.

### I. THE UNITED STATES IS AMENABLE TO SUIT UNDER THE FEDERAL TORT CLAIMS ACT ONLY TO THE SAME EXTENT AS A PRIVATE INDIVIDUAL WOULD BE UNDER THE APPLICABLE STATE LAW

It is well settled that the United States may not be sued except when it consents to such suit. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Generally, tort claims, such as the plaintiff's present negligence suit, can only be brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1982). Moreover, under the provisions of the Act, the United States would be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. In order to determine if the federal government is liable for the negligent acts or omissions of its employees who are acting within the scope of their employment, the Court must look to the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b); *United States v. Muniz,* 374 U.S. 150, 152–53, 83 S.Ct. 1850, 1852–53, 10 L.Ed.2d 805 (1963). In the present case, the accident occurred in the District of Columbia.

### II. UNDER THE DISTRICT OF COLUMBIA WORKERS' COMPENSATION ACT, AN EMPLOYEE COVERED BY WORKERS' COMPENSATION INSURANCE ONLY GIVES UP HIS TRADITIONAL TORT REMEDIES AGAINST HIS EMPLOYER

*a. The history of the District of Columbia Workers' Compensation Act*

The relevant "state law" that this Court must apply in this case is the District of

---

1. Plaintiffs' complaint also includes a loss of consortium claim. However, this claim must be dismissed since it is not properly before the Court. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1982), requires the plaintiffs to exhaust all their administrative remedies before instituting a lawsuit. 28 U.S.C. § 2675(a). The plaintiff, Sandra Allen, did not present her claim for loss of consortium to the appropriate federal agency, and thus, has not exhausted her administrative remedies. Since plaintiffs have failed to comply with the "jurisdictional prerequisites" of the Act the Court lacks subject matter jurisdiction to hear the consortium claim. *Odin v. United States,* 656 F.2d 798, 802 (D.C.Cir.1981). This claim will be dismissed, and the action will continue solely on the negligence claim.

Columbia Workers' Compensation Act, D.C. Code §§ 36–301 to –345 (1981 & Supp.1985) ("DCWCA" or "the Act"). The City Council of the District of Columbia, acting pursuant to the District of Columbia Self-Government and Governmental Reorganization Act, D.C.Code §§ 1–201 to –295 (1981), passed the DCWCA in May, 1980, and the Act took effect on July 24, 1982. D.C.Code § 36–345 (Supp.1985). The DCWCA expressly repealed the prior workers' compensation statute, the District of Columbia Workers' Compensation Act of 1928, D.C.Code §§ 36–501 to –504 (1973) ("1928 Act"). District of Columbia Workers' Compensation Act § 46, 27 D.C.Reg. 2541 (1980). The 1928 Act had adopted the Federal Longshoremen's and Harbor Workers' Compensation Act of 1927, 33 U.S.C. §§ 901–950 (1982) ("LHWCA" or "Federal Act"), and applied its provisions to all employees and employers "carrying on employment" in the District of Columbia. D.C.Code § 36–501 (1973). The City Council of the District of Columbia, in turn, modeled the provisions of the DCWCA which are pertinent to this litigation after those in the 1928 Act and the LHWCA. These sections are set forth below.

b. *The relevant sections of the DCWCA are the same as the comparable sections of the LHWCA*

The language governing liability for compensation in Section 36–303(b) & (c) of the DCWCA is identical in all pertinent respects to that in Section 4(a) of the LHWCA, 33 U.S.C. § 904(a). Both sections provide that every employer within the purview of these acts shall be liable for compensation for an employee's injury or death. *Compare* D.C.Code § 36–303(b) *with* 33 U.S.C. § 904(a). Moreover, when the employer is a subcontractor, the con-

tractor is liable for and must secure compensation insurance for the subcontractor's employees *unless* the subcontractor does so. *Compare* D.C.Code § 36–303(c) *with* 33 U.S.C. § 904(a). Furthermore, Section 36–304 of the DCWCA, which mandates that workers' compensation is the employee's exclusive remedy against his or her employer, adopts the same language as section 5(a) of the LHWCA. *Compare* D.C.Code § 36–304 *with* 33 U.S.C. § 905(a). Finally, Section 36–335(a) of the DCWCA creates the employee's right to sue third party tortfeasors. The language in this section is the same as that in Section 33(a) of the LHWCA. *Compare* D.C.Code § 36–335(a) *with* 33 U.S.C. 933(a).

c. *The DCWCA differs from the workers' compensation acts of Maryland and Virginia in several significant respects*

While the DCWCA closely tracks the language of the Federal Act in the pertinent sections, it is significantly different from the workers' compensation acts of Maryland and Virginia. Md.Ann.Code art. 101 §§ 1–102 (1985) ("Maryland Act"), and Virginia, Va.Code §§ 65.1–1 to –163 (1980) ("Virginia Act"). Both the Maryland and Virginia acts impose respectively an absolute duty on a principal contractor or a general contractor [2] to secure compensation insurance for the employees of a subcontractor. Md.Ann.Code art. 101 § 62 (1985); Va.Code § 65.1–30 (1980). However, the District of Columbia Act requires the general contractor to provide compensation insurance only when the subcontractor has failed to obtain insurance coverage. D.C. Code § 36–303(c) (1981). Furthermore, the Maryland Act expressly provides that the principal contractor shall be considered an employer for the purposes of the statute.

---

**2.** Section 62 of the Maryland Act uses the term "principal contractor" instead of "general contractor." The Maryland courts hold that these two terms are not synonymous. According to the case law in Maryland, a "principal contractor" would include a general contractor as well as any other contractors involved in the project who "parcelled-out a fraction of the main job." *E.g. Honacker v. W.C. & A.N. Miller Development Co.,* 285 Md. 216, 401 A.2d 1013, 1017–18 (1979)

(quoting 1B A. Larson, Workmen's Compensation Law § 49.12 (1978)); *see also Coffey v. Derby Steel Co.,* 291 Md. 241, 434 A.2d 564, 571 (1981). For the purposes of this case, this distinction does not affect the Court's analysis.

The Virginia Act uses the term "general contractor" and does not make a distinction between the two terms. Va.Code §§ 65.1–1 to –163 (1980) *passim.*

Md.Ann.Code art. 101 § 62 (1985). Under the provisions of the Maryland Act, employers generally have immunity from common law tort actions filed by their employees.[3] Md.Ann.Code art. 101 § 15 (1985).

Finally, the Maryland Act has a specific provision which abrogates the well established principle of statutory construction that statutes in derogation of the common law are to be strictly construed for the purposes of this Act. Md.Ann.Code art. 101 § 63. Thus, the Maryland Act permits the courts to interpret the immunity provisions broadly which, in turn, limits the common law rights of the injured employee to sue in tort. The DCWCA, on the other hand, *does not* have a comparable section. D.C.Code §§ 36–301 to –345 *passim.*

In contrast, to the Maryland Act, the Virginia Act does not *expressly* provide that the general contractor is a "statutory employer" immune from a common law suit sounding in tort. The Virginia courts, however, have held that a general contractor who has an absolute duty to secure compensation for a subcontractor's employees under Section 65.1–30 is a "statutory employer" within the meaning of Section 65.1–40 and consequently is immune from third party tortfeasor actions brought by the subcontractor or his employees. *Spangler v. Kranco, Inc.,* 481 F.2d 373, 374 n. 1 (4th Cir.1973); *Slusher v. Paramount Warrior, Inc.,* 336 F.Supp. 1381, 1384 (W.D.Va.1971).

The District of Columbia City Council enacted the DCWCA long after both the Maryland and Virginia Acts were in effect.[4] The City Council considered these Acts when it drafted the DCWCA and modeled some of the DCWCA's provisions after those in the Maryland and Virginia Acts. *Compare* D.C.Code §§ 36–308 to –311 *with*

Md.Ann.Code art. 101 § 36 *and* Va.Code §§ 65.1–54 to –82; *see also O'Connell v. Maryland Steel Erectors, Inc.,* 495 A.2d 1134, 1141 & n. 13 (D.C.1985). Yet, the members of the City Council did not include any provisions that would require all general contractors to provide workers' compensation insurance for their subcontractors' employees. Nor did they draft language granting the general contractor immunity from third party tortfeasor actions brought by a subcontractor's employees. Moreover, the members of the City Council did not draft a section, like that in the Maryland Act, which would abrogate the rule of strict interpretation of statutes in derogation of the common law rights of the workmen. D.C.Code §§ 36–301 to –345 *passim.* These differences between the DCWCA and the Maryland and Virginia Acts and the similarities between the DCWCA and the Federal Act are especially important in light of the case law in the District of Columbia governing the interpretation of the 1928 Act and the language of the LHWCA adopted by the City Council at the time the DCWCA was drafted and enacted.

d. *The District of Columbia law at the time of the DCWCA was drafted and enacted allowed a subcontractor's employee to sue a general contractor for negligence*

The law governing the disposition of the pending motion is the law of the District of Columbia, which provides that an insured employee of a subcontractor may sue a general contractor for negligence even though the employee has received workers' compensation benefits from the subcontractor's insurance carrier. *DiNicola v. George Hyman Constr. Co.,* 407 A.2d 670, 675 (D.C.1979), *cited in Hobbs v. KBR Corp.,* C.A. No. 803–84 (D.C.Super.Ct. Nov. 19, 1985).[5] While the court in *DiNicola*

---

**3.** An employee can sue his employer if the employer fails to provide for compensation, Md. Ann.Code art. 101 § 15, or if the employer has expressly waived his immunity. *American Radiator & Std. San. Corp. v. Mark Eng'g Co.,* 230 Md. 584, 187 A.2d 864, 867 (1963).

**4.** The relevent provisions of the Maryland Act can be found in the 1957 edition of the Annotat-

ed Code of Maryland. The current version of the Virginia Act was enacted in 1968.

**5.** As the Court prepared to issue its opinion in the present case, it learned of the recent decision by Judge Weisberg of the District of Columbia Superior Court in *Hobbs v. KBR Corp.,* C.A. No. 803–84 (D.C.Super.Ct. Nov. 19, 1985). There, Judge Weisberg, using an analysis based

construed the language of the Longshoremen's and Harbor Workers' Compensation Act of 1927, 33 U.S.C. §§ 901–950 (1982), then in place in the District of Columbia by virtue of the District of Columbia Workers' Compensation Act of 1928, D.C.Code §§ 36–501 to –504 (1973), its decision is pertinent here in view of the fact that the current District of Columbia Act is in all relevant parts the same as the Federal Act. Moreover, the *DiNicola* court construed the language of the Federal Act prior to the District of Columbia City Council's adoption of that language in the DCWCA. Under the District of Columbia Court of Appeals' ruling in *DiNicola,* which was consistent with those of other courts around the country, *see, DiNicola,* 407 A.2d at 674 and cases cited therein, it is possible for an employee to collect workers' compensation benefits as well as damages for a tort committed by a third party's employee. *DiNicola,* 407 A.2d at 674. The District of Columbia law is clear that the employee gives up his traditional tort remedies *only* against his employer. *See id.* The question then for the Court to decide in this case is whether under the District of Columbia Workers' Compensation Act, the United States is an "employer"?

III. THE UNITED STATES IS NOT AN "EMPLOYER" UNDER THE DISTRICT OF COLUMBIA WORKERS' COMPENSATION ACT AND THUS WOULD NOT BE IMMUNE FROM THIRD PARTY TORTFEASOR ACTIONS

Under 41 C.F.R. § 1–7.204–5(a) & (c) (1982), the government requires *inter alia* that contractors procure workers' compensation insurance and that the contractor parties shall be reimbursed by the government for the reasonable cost of the insurance. In this case, the contract between the government and Safeguard contained these provisions. Safeguard purchased insurance, and the government then reimbursed Safeguard for the workers' compensation insurance as part of the administrative costs of the contract for janitorial and maintenance services provided from October 1, 1982 through September 30, 1983 in the Department of Agriculture's office building, located at 14th Street and Independence Avenue, S.W., in the District of Columbia. The government asserts that this self-imposed obligation makes it an "employer" for the purposes of the statute, and thus, it is immune from the plaintiff's third party tortfeasor action. In order to decide this issue, the Court must look to the provisions of the DCWCA.

When construing a statute, the Court must first examine its language. *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). If the meaning of the language is unambiguous, then the plain meaning of the language controls, and the Court must not involve itself in further interpretation. *Id.* Having read the Act in its entirety, the Court finds that it does not clearly state whether or when a general contractor can be considered an "employer" of its subcontractor's employees. Consequently, the Court must look to the legislative history for aid in interpreting the provisions of the DCWCA. *Norwegian Nitrogen Prods. Co. v. United States,* 288 U.S. 294, 317, 53 S.Ct. 350, 359, 77 L.Ed. 796 (1933), *quoted in United Shoe Workers of America, AFL–CIO v. Bedell,* 506 F.2d 174, 179 (D.C. Cir.1974). After careful analysis of the Act and its legislative history, the Court cannot agree with the defendant's argument that the government is an "employer" in this case. The expansive reading that the defendant gives to this term is not supported by the language of the statute, the relevant case law at the time the DCWCA was adopted by the City Council and signed by the Mayor, or the legislative history. Consequently, the government is

on principles of statutory construction similar to that employed by this Court, applied the *DiNicola* Court's interpretation of the language in the relevant provisions of the 1928 Act to the same language in the DCWCA. The court held that under the provisions of the DCWCA, a general contractor is not immune from third party tort suits by a subcontractor's injured employee unless the general contractor provides for the compensation *"after* the subcontractor has failed to secure such compensation." *Id.* (emphasis added).

not entitled to immunity under Section 36–304 of the District of Columbia Workers' Compensation Act.

In *DiNicola,* the District of Columbia Court of Appeals addressed the argument which the defendant now presents to this Court. There the court relied on precedent in the District to hold that the "[r]elease from common law liability is a benefit accruing from carrying compensation insurance only in case the law imposes a duty to do so." *DiNicola,* 407 A.2d at 673, quoting *Thomas v. George Hyman Constr. Co.,* 173 F.Supp. 381, 383 (D.D.C. 1959). In other words, only where the statute creates a duty to provide the workers' compensation insurance does that party or employer have immunity from third party tort actions. Moreover, a party cannot create a legal duty, and thus, immunize itself, as the United States has attempted to do in this case, through a self-imposed requirement that it or its subcontractors purchase insurance. A general contractor in a similarly situated position as the defendant-government in the present case would not have a legally imposed duty to secure workers' compensation insurance for the employees of its subcontractor. According to the District of Columbia Act, the contractor must provide compensation insurance for the employees of the subcontractor only when the subcontractor has not done so. D.C.Code § 36–303(c) (1981). Nor under the case law can a general contractor free itself from liability by creating a self-imposed duty. *See DiNicola,* 407 A.2d at 673, quoting *Thomas,* 173 F.Supp. at 383 (interpreting the same language from the 1928 Act and the LHWCA which now appears in the DCWCA). Thus, the District of Columbia Court of Appeals has flatly rejected the theory of immunity which the government presents to this Court. In *Lindler v. District of Columbia,* 502 F.2d 495, 499 (D.C.Cir.1974), the Court of Appeals for this Circuit also rejected a similar argument stating that "[t]he question is not who may ultimately bear the costs, but rather who does the law require to bear the costs." *Id.*

Moreover, the *DiNicola* Court's interpretation of the language in the 1928 Act was in force when the City Council adopted the DCWCA, yet there is no evidence in either the Act or its legislative history which suggests that the Council had any other interpretation in mind. It is a well settled principle of statutory construction that unless there is evidence to the contrary, the courts will give language taken from a prior statute the same meaning in the new legislation. *Lorillard v. Pons,* 434 U.S. 575, 580–81, 98 S.Ct. 866, 869–70, 55 L.Ed.2d 40 (1978); *United Shoe Workers v. Bedell,* 506 F.2d 174 at 183 (D.C.Cir.1974). The Court, in applying this principle, finds that it must accept the relevant provisions adopted from the 1928 Act with the judicial interpretation added by the *DiNicola* Court. Under this interpretation it is clear that the statute does not protect the government, which stands in essentially the same position as a general contractor.

The government does not cite any contrary case law from the District of Columbia. Instead, it relies on the Supreme Court's interpretation of the 1928 Act and the LHWCA in *Washington Metropolitan Area Transit Authority v. Johnson,* 467 U.S. 925, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984), which was subsequent to the enactment of the DCWCA, and was sharply criticized and legislatively overruled by Congress in its 1984 amendments to the LHWCA. Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98–426, § 4(a) & (b), 98 Stat. 1639, 1641 (1984); *Joint Explanatory Statement of the Committee of Conference,* H.R.Rep. No. 1027, 98th Cong., 2d Sess. 24, *reprinted in* 1984 U.S.Code Cong. & Ad.News 2734, 2771, 2774. In *Johnson,* Justice Marshall applied what he labeled a "slightly strained reading" of the term "employer," *Johnson,* 104 S.Ct. at 2833, and held that the general contractor, WMATA, which had purchased a "wrap-up" workers' compensation policy for the employees of all its subcontractors, was immune from third party tortfeasor actions. *Id.* at 2836. The Supreme Court's rationale for granting WMATA immunity

was that such a grant was consistent with the *quid pro quo* theory underlying the workers' compensation statutes. *Id.* at 2834. In essence, the employee gives up his common law right to sue the individual who pays for the insurance in return for prompt relief from the injuries suffered, but this is not the law according to the local courts' interpretation of the language found in the DCWCA.

This year, another district court in this circuit held that the Supreme Court's decision in *Johnson* was applicable to the DCWCA. *Ford v. United States,* Civil Action No. 84–3082, (Mar. 1985). The defendant in the present action asserts that since the facts of *Ford* and this case are similar,[6] this Court should follow the *Ford* decision and hold that the defendant-government is immune from third party tort actions. Following the analysis of the Supreme Court in *Johnson,* the *Ford* Court reasons that other sections of the DCWCA use the term "employer" broadly to include both general contractors and direct employers, and, therefore, this broad reading should be applied to the liability and immunity sections. However, the Act, its legislative history, and appellate opinions relied on herein do not support this reasoning. The *Ford* Court further states that the observation by the Supreme Court in *Johnson* that typically the reward for providing compensation under the statutes is immunity from tort liability applies to the DCWCA. Again, this application is incorrect and if such immunity is to be extended to general contractors or those entities in similarly situated positions then it is a task for the legislative body and not the courts.

This Court disagrees with the *Ford* Court's application of the Supreme Court's interpretation of the language in the 1928 Act and LHWCA in *Johnson* to the DCWCA. Congress overruled the Supreme Court's broad reading of the term "employer" in its 1984 amendments to the LHWCA, which contains the same relevant language as the 1928 Act. Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98–426 § 4(a) & (b), 98 Stat. 1639, 1641 (1984). In so doing, the members of the joint conference committee stated that the Supreme Court's holding in *Johnson* did not comport with the intent of Congress when it enacted the LHWCA nor did it follow prior judicial interpretations of the Act. Consequently, the case should not have any "precedential effect". *Joint Explanatory Statement of the Committee of Conference,* H.R.Rep. No. 1027, 98th Cong., 2d Sess. 24, *reprinted in* 1984 U.S. Code Cong. & Ad.News 2771, 2774. The amendments provide that the contractor's obligation to secure compensation for the employees of his subcontractor is only a contingent one which is secondary to the subcontractor's principal obligation to secure insurance coverage. Only when the subcontractor fails to provide compensation as required by the LHWCA would the contractor's obligation arise. In that particular situation, the contractor would be deemed an "employer" of the subcontractor's employees and entitled to immunity from a third party tort action. *Id.* The district courts of this circuit have held that these amendments do not apply to the 1928 Act, *see In re Metro Subway Accident Referral,* Misc. No. 82–306 (D.D.C. Dec. 18, 1984); *Holmes v. Leon N. Weiner & Associates,* 603 F.Supp. 122, 124 n. 4 (D.D.C. 1985). However, the Joint Explanatory Statement and the 1984 amendments clearly reject the broad reading of the term "employer" to include general contractors when their obligations remain contingent in nature. *See Joint Explanatory State-*

---

**6.** In *Ford* the plaintiff was employed at the Department of State as a telephone operator. Her employer, Halifax Engineering Company, had a contract with the Department of State which required that Halifax provide workers' compensation insurance for its employees. Halifax was reimbursed by the government for the cost of the insurance. The plaintiff was injured when she fell in a hole in the pavement near the door to the building where she worked. She received workers' compensation benefits and then sued the government for negligent failure to repair the hole. The District Court dismissed her suit, holding that the government was a "statutory employer" entitled to the exclusive remedy defense under Section 36–304(a) of the DCWCA.

*ment of the Committee of Conference,* H.R.Rep. No. 1027, 98th Cong., 2d Sess. 24, *reprinted in* 1984 U.S.Code Cong. & Ad. News 2771, 2774. Moreover, the 1984 amendments are in harmony with the holding in *DiNicola. Compare* Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98–426 § 4(a) & (b), 98 Stat. 1639, 1641 (1984) *and Joint Explanatory Statement of the Committee of Conference,* H.R.Rep. 1027, 98th Cong., 2d Sess. 24, *reprinted in* 1984 U.S.Code Cong. & Ad.News 2771, 2774 *with DiNicola,* 407 A.2d at 674. In light of these factors, this Court cannot find any reason to apply the Supreme Court's interpretation of the 1928 Act to the DCWCA.

The Court also believes that application of *Johnson* to the DCWCA violates basic principles of statutory construction. The City Council passed the DCWCA prior to the Supreme Court's decision in *Johnson.* As noted above, the Council adopted language from the 1928 Act which had previously been interpreted by the District of Columbia Court of Appeals. *See DiNicola,* 407 A.2d 670. To now interpret this language of the DCWCA in accordance with *Johnson* would be contrary to the principle discussed above, namely, that the courts will give language taken from a prior statute the same meaning in a subsequently enacted statute. *Lorillard,* 434 U.S. at 580–81, 98 S.Ct. at 869–70. In this case, the meaning at the time the Council drafted the liability and immunity language for the DCWCA included the judicial gloss added by the *DiNicola* decision. Moreover, the federal courts must follow the state courts' interpretations of their particular state statutes. *E.g. Aero Mayflower Transit Co. v. Board of Ry. Comm'rs,* 332 U.S. 495, 499–500, 68 S.Ct. 167, 169–170, 92 L.Ed. 99 (1947). The *DiNicola* interpretation of the same language in the prior workers' compensation statute would be applicable to the provisions of the present DCWCA.

Finally, by providing that workers' compensation is the exclusive remedy for employees against their employers, Section 36–304(a) of the DCWCA limits the injured

workers' common law rights, and therefore, must be strictly construed. *Shaw v. Railroad Co.,* 101 U.S. (11 OTTO) 557, 565, 25 L.Ed. 892 (1879). As the Supreme Court has stated, "[n]o statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." *Id.* Since the law in the District of Columbia at the time the City Council enacted the DCWCA expressly preserved the right of a subcontractor's employee to sue the general contractor in tort, the interpretation applied by the court in *Ford* would alter the common law beyond what the words of the statute express.

■ In light of these principles and the legislative history of the DCWCA, this Court finds that even when the United States requires its contractors, such as Safeguard, to secure workers' compensation insurance, it does *not* thereby secure freedom from liability for the negligent acts or omissions of its employees. Release from common law liability is a benefit accruing from the carrying of such insurance *only* in the case where the law imposes a duty to do so. *DiNicola,* 407 A.2d at 673. Again, one may not escape from common law tort liability by taking out workers' compensation insurance that the law does not require. Moreover, only an entity with an actual legal duty to provide compensation can come under the immunity umbrella of the Act.

### CONCLUSION

For the reasons set forth above, the Court concludes that the United States is not an "employer" under the terms of the District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301 to –345 (1981 & Supp.1985), and is not immune from third party tortfeasor actions. Therefore, it is amenable to suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1982). Accordingly, the defendant's motion for summary judgment must be, and hereby is, denied since it is not

entitled to a judgment as a matter of law pursuant to Fed.R.Civ.P. 56.

The Court is duty-bound to make its decisions based on the applicable statutes and case law precedents. However, the result here, in the eyes of this Court, should receive legislative attention by the District of Columbia City Council so as to bring the DCWCA into conformity with similar statutes in Maryland and Virginia. Since the time when the District of Columbia Workers' Compensation Act was adopted, the statutes of many states have been revised and now expressly grant immunity to general contractors who provide or pay for the compensation insurance for the employees of its subcontractors. *See* 2A A. Larson, *Workmen's Compensation Law*, § 72.31(b) (1983). Such immunity does comport with the *quid pro quo* that underlies these workers' compensation statutes. If these changes are to be made in the DCWCA, it is the role of the legislative body, the District of Columbia City Council, and not the role of the courts to make them.

An order in accordance with the foregoing will be issued of even date herewith.